**IN THE COURT OF APPEALS OF IOWA**

No. 19-1091
Filed August 21, 2019

**IN THE INTEREST OF C.P.,**
**Minor Child,**

**P.B., Mother,**
　　Appellant.

_____

　　Appeal from the Iowa District Court for Polk County, Lynn Poschner, District Associate Judge.

　　A mother appeals the termination of her parental rights to a child. **AFFIRMED.**

　　Joseph P. Vogel of Vogel Law, PLLC, Des Moines, for appellant mother.

　　Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

　　Chuck Fuson of Youth Law Center, Des Moines, attorney and guardian ad litem for minor child.

　　Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother appeals the termination of her parental rights to a child, born in 2018. She contends the State failed to prove the grounds for termination cited by the district court, termination is not in the child's best interests, and the court should have granted her six additional months to work toward reunification with the child.[1] We will address these arguments as one.

The district court terminated the mother's parental rights to the child pursuant to two statutory provisions. We may affirm if we find clear and convincing evidence to support either of the grounds. *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We focus on Iowa Code section 232.116(1)(h) (2019), which requires proof a child three years old or younger was adjudicated in need of assistance, was removed from the physical custody of the parents for the previous six consecutive months, and could not be returned to the parents' custody.

The child was removed from the mother's custody shortly after birth based on the mother's positive test for methamphetamine and heroin two months before the child's birth as well as two positive tests for methamphetamine one month before the child's birth. At the time of the removal hearing, the court also considered a positive umbilical cord test result for amphetamines, methamphetamine, and oxycodone.

The child was adjudicated in need of assistance. He remained out of the mother's custody through the termination hearing six months later. At a hearing on the State's petition to terminate parental rights, the mother did not ask to have

---

[1] The father's parental rights also were terminated. He did not appeal.

the child immediately returned to her; she simply sought additional time to address her addictions. She acknowledged her failure to participate in any substance-abuse treatment during the pendency of the case and admitted the need to begin an inpatient drug treatment program, but she only placed her name on the waiting list eight days before the termination hearing. She did not know when a bed would become available.[2]

The mother also admitted to not visiting the child for four of the six months preceding the termination hearing. Her failure to actively engage with the child and her ongoing relationship with her drug-using boyfriend support the district court's finding that the child could not be returned to her custody. Although the mother moved into her parents' home one day before the termination hearing, she essentially conceded her relocation alone would not allow her to gain immediate custody of the child. When asked if her child should have to wait until she was ready to move toward sobriety, she responded, "No, he shouldn't have to wait."

On our de novo review, we conclude the State proved by clear and convincing evidence that termination of the mother's parental rights is warranted under Iowa Code section 232.116(1)(h).

Termination must also be in the child's best interests. *See* Iowa Code § 232.116(2). Eight days before the termination hearing, a service provider determined the mother met the criteria for "severe opioid use disorder in early remission" and "severe amphetamine-type substance use disorder." She opined the mother had advanced no further than "the preparation stage of change." The

---

[2] Although the mother stated she was given a referral for another program a month before the termination hearing, she testified she could not reach the identified contact person.

mother admitted as much, asking only to be given "another chance." In light of her previous failed attempts at treatment and sobriety, we conclude termination is in the child's best interests. For the same reason, we agree with the district court's decision to not grant the mother six additional months to work toward reunification.

We affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**